PROB 12C
(6/16)

Report Date: September 9, 2020

# United States District Court

### for the

### Eastern District of Washington

## Petition for Warrant or Summons for Offender Under Supervision

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 09, 2020

SEAN F. McAVOY, CLERK

| | |
|---|---|
| Name of Offender: Jason C. Moore | Case Number: 0980 2:17CR00127-TOR-1 |

Address of Offender: Unknown

Name of Sentencing Judicial Officer: The Honorable Thomas O. Rice, U.S. District Judge

Date of Original Sentence: February 13, 2018

| | | |
|---|---|---|
| Original Offense: | Failure to Register as Required by SORNA, 18 U.S.C. § 2250(a) | |
| Original Sentence: | Prison - 26 months<br>TSR - 60 months | Type of Supervision: Supervised Release |
| Asst. U.S. Attorney: | U.S. Attorney's Office | Date Supervision Commenced: July 16, 2019 |
| Defense Attorney: | Federal Defender's Office | Date Supervision Expires: July 15, 2024 |

## PETITIONING THE COURT

To issue **a warrant**.

The probation officer believes that the offender has violated the following conditions of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Special Condition #7** You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances |
| | **Supporting Evidence**: It is alleged that Mr. Moore violated special condition number 7 of his supervised release on August 24, 2020, by supplying a urine sample that tested positive for marijuana. |
| | On July 18, 2019, Mr. Moore's conditions of supervision were explained to him and he was given a copy of his judgment. He indicated he understood his conditions. |
| | On August 21, 2020, Mr. Moore failed to show for his random urinalysis at Pioneer Human Services (PHS). On August 24, 2020, he was directed to report to PHS and supply a urine sample. When confronted with missing the August 21, 2020, urinalysis, he reported that he did not show up because he knew he would test positive for marijuana. |
| | On August 24, 2020, he supplied a urine sample that tested positive for marijuana. The sample was confirmed positive by Alere Toxicology Laboratory on August 30, 2020. |

Prob12C
**Re: Moore, Jason C**
**September 9, 2020**
**Page 2**

|   |   |
|---|---|
| 2 | **Special Condition #8**: You must reside in a residential reentry center (RRC) for a period up to 180 days at the direction of the supervising officer. Your participation in the programs offered by the RRC is limited to employment, education, treatment, and religious services at the direction of the supervising officer. The defendant shall abide by the rules and requirements of the facility. |

**Supporting Evidence**: It is alleged that Mr. Moore violated special condition number 8 of his supervised release on September 3, 2020, by failing to report to the RRC as instructed.

On July 18, 2019, Mr. Moore's conditions of supervision were explained to him and he was given a copy of his judgment. He indicated he understood his conditions.

On August 18, 2020, Mr. Moore was asked to leave his apartment due to issues with his roommate and failing to pay his rent. Mr. Moore was homeless and began using illegal drugs. Due to this concerning behavior, a modification to add an RRC placement was requested, and granted, on August 26, 2020.

On September 2, 2020, the undersigned officer spoke to Mr. Moore to remind him of the RRC bed date for the following day. Mr. Moore stated he knew the address and phone number of the facility and that he would report there the next day.

On September 4, 2020, the undersigned officer received an email from the RRC director stating that Mr. Moore failed to show for his RRC bed date. Mr. Moore has not returned any of the undersigned officer's text messages or phone calls.

|   |   |
|---|---|
| 3 | **Standard Condition # 5**: You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 calendar days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change. |

**Supporting Evidence**: It is alleged that Mr. Moore violated special condition number 5 of his supervised release on September 8, 2020, by failing to report his whereabouts after he left his last approved residence.

On July 18, 2019, Mr. Moore's conditions of supervision were explained to him and he was given a copy of his judgment. He indicated he understood his conditions.

On September 2, 2020, the undersigned officer spoke to Mr. Moore and gave him permission to stay at his boss' shop until he reported to the RRC on September 3, 2020. This was the only address he was approved to stay at.

On September 4, 2020, the undersigned officer was made aware that Mr. Moore did not report to the RRC as instructed. On September 8, 2020, the undersigned officer called Mr. Moore's supervisor and it was discovered that Mr. Moore had not been staying at the shop since September 2, 2020, and he was unaware of his whereabouts.

At this time, the undersigned office is unaware of Mr. Moore's whereabouts.

Prob12C
**Re: Moore, Jason C**
**September 9, 2020**
**Page 3**

The U.S. Probation Office respectfully recommends the Court issue **a warrant** requiring the offender to appear to answer to the allegations contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 09/09/2020

s/Joshua D. Schull

Joshua D Schull
U.S. Probation Officer

THE COURT ORDERS

[ ]  No Action
[X]  The Issuance of a Warrant
[ ]  The Issuance of a Summons
[ ]  Other

Thomas O. Rice
United States District Judge

September 9, 2020

Date